IN THE UNITED STATES DISTRICT COURT
NORHERN DISTRICT OF INDIANA
HAMMOND DIVISION


REAHNA BURGIN,         )
         )
        Plaintiff       )     Cause No.: 2:16-cv-175
         )
vs.         )
         )
WINDSOR FASHIONS, INC.,     )
         )
        Defendant    )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as her Complaint for Damages against Defendant, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Reahna Burgin, is a resident of Lake County in the State of Indiana and former employee of Defendant.

2. Defendant, Windsor Fashions, Inc. (hereinafter "Windsor"), is a corporation doing business in the State of Indiana and an employer as defined by 42 U.S.C. § 2000e(b).

3. Ms. Burgin filed a Charge of Discrimination (Charge 470-2015-02984) with the Equal Employment Opportunity Commission ("EEOC") on or about September 11, 2015 alleging, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Ms. Burgin a 90-day Right to Sue letter.

5. Ms. Burgin invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7.  Plaintiff is an African-American female who was employed as a co-store manager for Defendant, and had been since December 2014.

8. Ms. Burgin was the only African-American management employee at the store where she worked, whereas all other management employees were Hispanic.

9.  In 2015, Ms. Burgin was assigned a new district manager who was also Hispanic and Plaintiff began to receive write-ups for things that Hispanic employees would not be written up for.

10.  Ms. Burgin's hours were subsequently cut; she was subjected to comments related to her race; and she was told she was an inconvenience due to the fact that she was a mother raising a child.

11.  In May 2015, Plaintiff complained to management that she was being discriminated against.

12.  On or about June 27, 2015, following the Plaintiff's complaints of discrimination, her district manager terminated the Plaintiff for allegedly violating the attendance policy.

Count I

13.  Plaintiff incorporates by reference Paragraphs one (1) through twelve (12) above.

14.  Defendant discriminated against Ms. Burgin on the basis of her sex when it terminated her employment.

15.  Ms. Burgin's gender was the motivating factor in Defendant's decision to terminate her employment.

16. These actions violated Ms. Burgin's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

17. As a result of the foregoing, Ms. Burgin has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

18. As a result of Defendant's actions, Ms. Burgin has incurred attorney fees and costs.

19. Defendant's actions were done with malice or willful reckless disregard to Ms. Burgin's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count II

20. Plaintiff incorporates by reference Paragraphs one (1) through nineteen (19) above.

21. Defendant discriminated against Ms. Burgin on the basis of her race when it terminated her employment.

22. Defendant was subjected to negative comments about her race and treated less favorably than non-African-American employees.

23. Ms. Burgin's race was the motivating factor in Defendant's decision to terminate her employment.

24. These actions violated Ms. Burgin's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

25. As a result of the foregoing, Ms. Burgin has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

26.  As a result of Defendant's actions, Ms. Burgin has incurred attorney fees and costs.

27.  Defendant's actions were done with malice or willful reckless disregard to Ms. Burgin's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count III

28.  Plaintiff incorporates by reference Paragraphs one (1) through twenty-seven (27) above.

29.  Plaintiff exercised her statutorily protected right by complaining to management that she was being discriminated against.

30.  Because Plaintiff complained of discrimination, Defendant's district manager terminated Plaintiff's employment.

31.  Defendant's termination of Plaintiff's employment was motivated by, and in retaliation for, Plaintiff's complaints of discrimination.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax