**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| REAHNA BURGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:16-CV-175-PPS-PRC |
| v. | ) |
| | ) |
| WINDSOR FASHIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Reahna Burgin filed the complaint in this matter on May 18, 2016 alleging discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964 and retaliation. [DE 1.] Service of the summons and complaint was received by Windsor Fashions, Inc.'s Registered Agent on June 6, 2016. [DE 5, 5-1.] Windsor Fashions failed to appear, plead, or otherwise defend the lawsuit. Accordingly, Burgin filed an application for clerk's entry of default on August 17, 2016, DE 6, which the Clerk of the Court entered on August 30, 2016, DE 7. Burgin then moved for default judgment on October 14, 2016 seeking unpaid wages in the amount of $23,400.00, compensatory damages in the amount of $300,000.00, attorneys fees and costs, and prejudgment interest. [DE 10.]

On November 3, 2016, I ordered Burgin to file a dated copy of her 90-day right to sue letter to confirm that this action was timely filed and directed the clerk to mail a copy of my order to Windsor Fashions at the address at which it was served. [DE 11.] Windsor Fashions says that this was the first notice of this action that it received, which

was on or about November 11, 2016. [DE 16 at 1.] Windsor Fashions asserts that it immediately contacted its attorney, who investigated the status of the case, entered her appearance on November 11, 2016, and immediately filed the motion now pending before me seeking to set aside the Clerk's entry default pursuant to Federal Rule of Civil Procedure 55(c). [DE 15, 16].

Windsor Fashions tells me it responded to Burgin's charges before the EEOC, which resulted in the EEOC's dismissal of Burgin's charges. [DE 16 at 1.] Windsor Fashions also tells me that it calendared the deadline for Burgin to file a lawsuit and when it did not receive a notification of any filing, Windsor Fashions assumed that Burgin had opted not to file one. [*Id.*] Windsor Fashions explains that it is at a loss to understand how it did not know that Burgin filed this action in May 2016, noting that it has no records of it in its files and its Human Resources Department has no recollection of receiving such a notice, despite the fact that it generally reacts promptly and with urgency when it receives such notices. [*Id.* at 2.] Windsor Fashions surmises that the summons either was not forwarded by its Registered Agent or was overlooked in the company email. [*Id.*]

Federal Rule of Civil Procedure 55(c) governs relief from clerk's entry of default. It provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(C). The Seventh Circuit adopted a three-prong test in considering motions to set aside the entry of default that requires a defaulting party to demonstrate: (1) good cause for its default,

(2) quick action to correct the entry of default, and (3) a meritorious defense to plaintiff's complaint. *See e.g. Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *O'Brien v. R. J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993).

The above-stated standard for setting aside the entry of default and the standard for vacating a default judgment are the same. *See*, *e.g.*, *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989). Importantly, however, the standard is applied in a more stringent way when a default judgment has been entered. *Id.* This makes sense given the text of Rule 55(c), which makes a distinction between entries of default on the one hand, and default judgments on the other. Vacating a default judgment is more difficult because Rule 60(b) and its respect for the "finality of judgments" comes into play. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Thus, in the context of a motion to vacate a default judgment, a party must show "something more compelling than ordinary lapses of diligence or simple neglect." *Id.* In other words, to vacate a default judgment, the defaulting party must surmount a "high hurdle." *Id.* By contrast, when a party is seeking to set aside a clerk's entry of default, the test is "more liberally applied." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). Overlaying all of this is the general proposition that disposition on the merits of a lawsuit is preferable to disposition by default. *Cracco.*, 559 F.3d at 631.

It's important to keep in mind that Rule 55(c) requires "good cause" for the judicial action. So the focus is not necessarily on whether there is "good cause" for the defendant's error. In other words, it is not a synonym for "excusable neglect." *Sims v.*

*EGA Products*, 475 F.3d 865, 868 (7th Cir. 2007). In any event, Windsor Fashions' failure to respond to the summons and complaint was through inadvertence. There is no evidence that Windsor Fashions acted willfully when it failed to respond to Ms. Burgin's complaint. I will note, however, that Windsor Fashions should have taken measures to ensure that service of process on its registered agent was forwarded to the appropriate employee. Nevertheless, Windsor Fashions acted with dispatch once it found out that it had been sued by filing its motion within four days, which demonstrates quick action to correct the default.

Windsor Fashions also made a sufficient showing of a potential meritorious defense. It attached its EEOC Statement of Position as an exhibit to its motion, DE 16-2, that documents Burgin's alleged history of tardiness, missing work shifts, bringing her child to work, leaving work early without permission, and other misconduct, which Windsor Fashions says was the reason for Burgin's discipline and eventual termination rather than the discriminatory purposes alleged by Burgin. [DE 16 at 2-3.] Whether any of this is true will be for another day. But for now, given the lenient standards that the Seventh Circuit has established for the application of Rule 55(c) and the fact that Windsor Fashions stated the nature of its defense and provided the factual basis for that defense, I believe that Windsor Fashions made a sufficient showing of a potential meritorious defense. *Cracco*, 559 F.3d at 631.

ACCORDINGLY, the Court:

- **GRANTS** Windsor Fashions, Inc's Motion to Set Aside Default and for

Leave to Answer or Otherwise Plead [DE 16];

- **GRANTS** Windsor Fashions, Inc. leave to answer or otherwise plead to the complaint within **twenty-one (21) days** of the entry of this Opinion and Order; and

- **DENIES AS MOOT** Reahna Burgin's Motion for Default Judgment [DE 10].

**SO ORDERED.**

ENTERED: December 8, 2016

                                                s/Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT